IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:15-CV-00855
Greensboro Division

| | |
|---|---|
| DICKSON FURNITURE INTERNATIONAL, LLC<br>D/B/A AVALON FURNITURE,<br><br>Plaintiff,<br><br>v.<br><br>HOMELEGANCE, INC.<br>D/B/A HOME ELEGANCE FURNITURE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT**
*(Jury Trial Demanded)*

COMES NOW, the Plaintiff –DICKSON FURNITURE INTERNATIONAL, LLC d/b/a AVALON FURNITURE ("AVALON FURNITURE" or "PLAINTIFF") and files this Verified Complaint against Defendant HOMELEGANCE, INC. d/b/a HOME ELEGANCE FURNITURE ("HOME ELEGANCE" or "DEFENDANT"). Plaintiff respectfully alleges and states the following:

**NATURE OF CASE**

1. This is an action for federal trade dress infringement and unfair competition in violation of 15 U.S.C. §1125; and, unfair competition and trade dress infringement in violation of North Carolina common law.

## PARTIES

2. Dickson Furniture International, LLC d/b/a Avalon Furniture (hereinafter "Avalon Furniture " or "Plaintiff ') is a limited liability company organized and existing under the laws of the State of Texas with a place of business in High Point, Guilford County, North Carolina.

3. Upon information and belief, Defendant Homelegance, Inc. (hereafter "Home Elegance" or "Defendant") is a corporation organized and existing under the laws of the State of California and is doing substantial business in North Carolina through a furniture showroom located in High Point, Guilford County, North Carolina. Home Elegance's registered agent in North Carolina is Tai-Ming Chiu with an address of 3501 Jamac Road, High Point, North Carolina 27260

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff s North Carolina State law based claims for unfair competition and trade dress infringement because they are so related to Plaintiff s claims for federal trade dress infringement that they form part of the same case or controversy under Article III of the United States Constitution. Alternatively, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

5. This Court has personal jurisdiction over Defendant in this action pursuant to the North Carolina Long-Arm Statute §1-75 .4 in that Defendant has conducted

substantial business within the State of North Carolina, and has committed acts within the State of North Carolina that relate to and give rise to this action.

6. This Court is a proper venue for the action pursuant to 28 U.S.C. §§1391 and 1400(a).

## FACTUAL ALLEGATIONS

7. Avalon Furniture is a wholesale distributor of furniture located in Houston, Texas, with a showroom in High Point, North Carolina. Avalon Furniture provides furniture in product categories ranging from classic Traditional to Transitional to Luxe. Avalon Furniture has a long and rich heritage of designing uniquely styled furniture having elegant wood finishes at an exceptional value.

8. Avalon Furniture has had outstanding sales success in selling a uniquely styled suite of furniture called DUNDEE PLACE. The DUNDEE PLACE furniture was designed by and for a predecessor in interest to Avalon Furniture, and Avalon Furniture is owner of all right title and interest to the design of the DUNDEE PLACE furniture. The DUNDEE PLACE design was offered by Avalon Furniture at least as early as October 2013.

9. The DUNDEE PLACE furniture group consists of a dining table, dining chairs, china cabinet and hutch. The DUNDEE PLACE design is shown in photographs attached to this complaint as Exhibit 1 and incorporated herein.

10. The design elements of the DUNDEE PLACE group, including the unique design of the chair cushions, the legs of the chair, the pilaster of the hutch, the legs and apron of the table, and the metallic ferrules and ornamental hardware are some of the

3

Case 1:15-cv-00855-LCB-LPA   Document 1   Filed 10/14/15   Page 3 of 10

design elements that individually and in combination make the DUNDEE PLACE group a unique and exemplary design.

11.     DUNDEE PLACE includes design elements that are unique and ornamental.  DUNDEE PLACE's overall shape and appearance are unique and are owned by AVALON FURNITURE.

12.     The demand for the DUNDEE PLACE group has been exceptional, and DUNDEE PLACE has become a substantial portion of Avalon's business.

13.     Through the years of sales and marketing efforts by Avalon and its retailers, the original and distinctive design of DUNDEE PLACE has become known by distributors, retailers and end purchasers as originating from a single source.

14.     Upon information and belief, and in discussions with representatives of Defendant in the United States and overseas, a customer of Defendant requested Defendant to make a copy of the DUNDEE PLACE group.

15.     Defendant has offered to sell a new dining room suite (see Exhibit 2) (the "New Group") that is substantially similar to the DUNDEE PLACE group.

16.     Defendant endeavored to, and did, substantially copy the DUNDEE PLACE group; any design differences between Defendant's New Group and DUNDEE PLACE do not distinguish the New Group and are not discernable to an ordinary and prudent purchaser.

# COUNT ONE
## TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION
## UNDER 15 U.S.C. § 1125

17. Plaintiff repeats and realleges the averments of the preceding paragraphs 1 through 16, as if fully set forth herein.

18. As a result of, among other things, years of substantial marketing, promotion and sales of the original, unique and distinctive DUNDEE PLACE furniture design and the commercial success and high demand for the DUNDEE PLACE design, distributors, retail sellers and end purchasers have come to associate the DUNDEE PLACE design as originating from a single source.

19. The DUNDEE PLACE design has acquired secondary meaning.

20. Avalon Furniture has attained trade dress rights in the non-descriptive, non-functional aspects of the DUNDEE PLACE design.

21. The protected trade dress consists of the total image and overall appearance of the individual items of the DUNDEE PLACE furniture group.

22. The distinctive features of the DUNDEE PLACE design include, but are not limited to, the crocodile patterned back cushion with solid upholstered back and seat, the tufting/channels of the seat back cushion with the nickel nailhead design, the shape of the seatback, the design of the chair legs (in particular the shape and style of the rear leg along with the turnings of the chair leg front), the design of the table legs, the design of the under-top moldings along the table apron, the pilaster of the hutch, the particular arrangement of the drawers and cabinets of the hutch and buffet, including the shape of the buffet top and under-top molding, the nickel ferrules of the legs, the nickel drawer

pulls, the foot of the hutch, and the moldings on the hutch as shown in the photographs of Exhibit 1.

23. Avalon Furniture's trade dress is not functional. The total image and overall appearance of the DUNDEE PLACE design is not essential to the use or purpose of the furniture, nor does it affect the cost or quality of the furniture. The purpose of a table, chairs, and hutch is to provide a comfortable place for a person to sit and dine. This purpose can be accomplished with a variety of furniture designs, and the unique image and overall appearance of the DUNDEE PLACE design is not essential to this purpose.

24. The unique image and overall appearance of the DUNDEE PLACE design does not affect the cost or quality of the furniture. The cost and quality of a piece of furniture are dictated primarily by the materials used and craftsmanship in the assembly of the furniture, not by the total image and overall appearance of the furniture.

25. The Defendant's design is identical in appearance and overall image to the DUNDEE PLACE design.

26. Defendant's use of the design which copied DUNDEE PLACE in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Avalon Furniture, or as to the origin, sponsorship, or approval of Defendant's design by Avalon Furniture.

27. Defendant's sale of the copy of the DUNDEE PLACE design constitutes trade dress infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

28. Upon information and belief, Defendant intentionally copied Avalon Furniture's trade dress. Defendant's intentional copying of the DUNDEE PLACE design

6

Case 1:15-cv-00855-LCB-LPA   Document 1   Filed 10/14/15   Page 6 of 10

gives rise to a presumption that Avalon Furniture's trade dress has acquired secondary meaning, and that there is a likelihood of confusion.

29.     Defendant's violations of 15 U.S.C. § 1125 have been willful and deliberate.

## COUNT TWO
### TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF NORTH CAROLINA COMMON LAW

30.     Avalon Furniture repeats and realleges the averments of the preceding paragraphs 1 through 29, as if fully set forth herein.

31.     The DUNDEE PLACE design has acquired secondary meaning.

32.     Distributors, retailers and end purchasers associate the DUNDEE PLACE design with Avalon Furniture or a single source.

33.     Defendant's design which copies the DUNDEE PLACE design is likely to cause confusion amongst consumers. Defendant's use and sales of the accused design constitutes trade dress infringement and unfair competition under North Carolina common law.

## PRAYER FOR RELIEF

WHEREFORE, Avalon Furniture respectfully prays for judgment against Defendant as follows:

A.     For an order preliminary and permanently enjoining Defendant, and its owners, officers, directors, agents, servants, attorneys, and employees, and all other persons acting in concert with them from committing any further acts of trade dress infringement, including but not limited to, copying, manufacturing, importing, selling, or

distributing the accused products set forth herein, or aiding or abetting or assisting others in such activities;

B.     For an order directing Defendant to file with this Court within thirty days after service of the injunction granted herein, or such other time as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction and order of the Court;

C.     For an order seizing and impounding all products bearing the trade dress;

D.     For judgment against Defendant for all claims contained in the counts recited above;

F.     For an order preliminary and permanently enjoining Defendant, and its owners, officers, directors, agents, servants, attorneys, and employees, and all other persons acting in concert with them from committing any further acts of trade dress infringement including but not limited to, copying, manufacturing, importing, selling, or distributing the accused products set forth herein, or aiding or abetting or assisting others in such activities;

G.     For an order pursuant to 15 U.S.C. §1117 awarding Plaintiff all of Defendant's profits, all damages sustained by Plaintiff, and the costs of the action, in an amount to be determined at trial;

H.     For a declaration that this is an exceptional case, and award Plaintiff its costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1117;

I.     For a trial by jury be had on all issues so triable; and

J. Such other and further relief as the Court may deem just and proper, in law or equity.

This the 14th day of October, 2015.

/s/ Gilbert Andia, Jr.
Gilbert J. Andia, Jr. (N.C. Bar No. 16533)
HIGGINS BENJAMIN, PLLC
101 West Friendly Ave, Suite 500
Greensboro, North Carolina 27401
Telephone: (336) 273-1600
Facsimile: (336) 274-4650
Email: bandia@greensborolaw.com

*Attorneys for Plaintiff*

## VERIFICATION

Douglas P. Mueller, as CEO of Dickson Furniture International, LLC d/b/a Avalon Furniture, being first duly sworn, deposes and says that he has read the foregoing **VERIFIED COMPLAINT**, that the statements of fact contained therein are true to the best of his knowledge, except as to those matters and things stated upon information and belief, and as to those such matters and things, he believes them to be true.

_____
DOUGLAS P. MUELLER

Sworn to and subscribed before me this the 14th day of October, 2015.

_____
Marjorie Patricia Julian, Notary Public

My Commission Expires: 10/20/2015

[S E A L]

> MARJORIE PATRICIA JULIAN
> NOTARY PUBLIC
> GUILFORD COUNTY, NC
> My Commission Expires October 20, 2015